UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS,<br><br>                              Plaintiff,<br>v.<br>JOHN DOE, subscriber assigned IP address 70.95.164.134,<br><br>                             Defendant. | Case No.: 19cv72-AJB-LL<br><br>**ORDER DENYING EX PARTE APPLICATION TO EXPEDITE DISCOVERY**<br><br>**[ECF No. 5]** |

Currently before the Court is Plaintiff's January 30, 2019 "Ex Parte Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference." ECF No. 5. Because the Defendant has not been identified, no opposition or reply briefs have been filed. Having reviewed Plaintiff's motion and all supporting documents, the Court **DENIES** the motion for the reasons set forth below.

## **BACKGROUND**

Plaintiff alleges it "is the owner of original, award-winning adult motion pictures featured on its subscription-based websites." ECF No. 5-1 at 6. On January 10, 2019, Plaintiff filed a Complaint against John Doe, a subscriber assigned IP address 70.95.164.134, alleging copyright infringement. ECF No. 1 ("Compl.") at 1-2. Specifically, Plaintiff alleges Defendant infringed fifty-four of Plaintiff's movies over the

BitTorrent protocol. Id. at 4.

Plaintiff alleges that it "hired an investigator, IPP International U.G., to monitor and detect the infringement of Strike 3's content." ECF No. 5-1 at 6. Plaintiff further alleges: (1) "IPP discovered that Defendant's IP address was illegally distributing numerous motion pictures owned and copyrighted by Strike 3"; and (2) "Strike 3's independent forensic expert, Philip Pasquale reviewed the evidence captured by IPP" and confirmed "Defendant's IP address was involved in an infringing transaction at the exact date and time reported by IPP." Id.

Plaintiff argues "this IP address is assigned to Defendant by his or her Internet Service Provider ("ISP")" and that the ISP is the "only party that has the information necessary to identify Defendant by correlating the IP address with John Doe's identity[.]" Id. Plaintiff therefore seeks an order permitting it to serve a third-party subpoena, pursuant to Federal Rule of Civil Procedure 45, on Spectrum requiring Spectrum to supply the name and address of its subscriber to Plaintiff. Id. at 7 ("This subpoena will only demand the true name and address of Defendant.").

## **LEGAL STANDARD**

A party may not seek discovery from any source before the Rule 26(f) conference unless that party first obtains a stipulation or court order permitting early discovery. Fed. R. Civ. P. 26(d)(1).

Generally, a "good cause" standard applies in determining whether to permit early discovery. See Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id. District courts in the Ninth Circuit apply a three-factor test for determining whether good cause exists to allow for expedited discovery to identify certain defendants. Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999). "First, the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court."

Id. at 578.  Second, the plaintiff must describe "all previous steps taken to locate the elusive defendant" to ensure that plaintiff has made a good faith effort to identify the defendant. Id. at 579.  Third, "plaintiff should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." Id.

## ANALYSIS

### I. Identification of Missing Party with Sufficient Specificity

Plaintiff has the burden to identify Defendant with enough specificity to establish that Defendant is a real person or entity subject to the Court's jurisdiction. Columbia Ins. Co., 185 F.R.D. at 578.

Some District Courts in the Ninth Circuit have determined that "[a] plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin." 808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash E37917C8EEB4585E6421358FF32F29C D63C23C91, 2012 U.S. Dist. LEXIS 62980, at *10-11 (S.D. Cal. May 8, 2012) (citing OpenMind Sols., Inc. v. Does 1-39, 2011 U.S. Dist. LEXIS 116552, at *5-6 (N.D. Cal. Oct. 7, 2011); Pink Lotus Entm't, LLC v. Does 1-46, 2011 U.S. Dist. LEXIS 65614, at *6-7 (N.D. Cal. June 21, 2011)).

Other Courts have concluded that identifying the IP addresses on the day of the alleged infringement satisfies this factor. 808 Holdings, Ltd. Liab. Co., 2012 U.S. Dist. LEXIS 62980, at *10-11 (citing McGip, LLC v. Doe, 2011 U.S. Dist. LEXIS 85363, at *4-5 (N.D. Cal. Aug. 15, 2011); First Time Videos LLC v. Does, 2011 U.S. Dist. LEXIS 42376, at *5 (N.D. Cal. April 14, 2011)).

Here, Plaintiff failed to identify Defendant with sufficient specificity to enable the Court to determine Defendant is subject to its jurisdiction.  Plaintiff asserts it employed Maxmind's geolocation technology "to trace Defendant's IP address to a geographic area within this Court's personal jurisdiction." ECF No. 5-1 at 12.  Plaintiff argues the Court "has accepted Maxmind's findings for the purpose of allowing expedited discovery" and

that "federal law enforcement relies on Maxmind for its cyber investigations." Id. at 13.

However, Plaintiff's allegation that Defendant's IP address was traced to a geographic area within this Court's personal jurisdiction is not supported by any evidence that would indicate: (1) who used the geolocation technology; (2) the dates of use; and (3) how it is probative of the physical location of the subscriber. The Court cannot rely on Plaintiff's unsupported assertions regarding the use and accuracy of the geolocation technology Plaintiff contends to have applied. See Strike 3 Holdings, LLC v. Doe, 2018 U.S. Dist. LEXIS 25353, at *7 (S.D. Cal. Feb. 15, 2018) ("[A]llegations are not evidence[.]"). See also Strike 3 Holdings, LLC v. Doe, 2018 U.S. Dist. LEXIS 213868, at *6 (S.D. Cal. Dec. 19, 2018).

Plaintiff also does not address when the geolocation was performed. In cases where it is unclear whether the subject IP address is "dynamic" or "static," such as here, it matters when Plaintiff's geolocation efforts were performed. In the context of dynamic IP addresses, "a person using [a particular IP] address one month may not have been the same person using it the next." State v. Shields, 2007 Conn. Super. LEXIS 1453, at *18 (Super. Ct. June 7, 2007). It is likely that the user of IP address 70.95.164.134 is a residential user and that the IP address assigned by Spectrum is dynamic. Thus, if Plaintiff's geolocation efforts were performed close in time to the offending downloads, they may be probative of the physical location of the subject IP subscriber. If not, the geolocation of the subject IP address may be irrelevant. Plaintiff failed to provide information regarding when the geolocation occurred or that the IP address is static.

Given these deficiencies, on January 31, 2019, the Court ordered Plaintiff to supplement its application with: (1) "evidence that Plaintiff's geolocation services vendor determined IP address 70.95.164.134" was "located in the Southern District of California"; and to (2) "provide the date on which Plaintiff's geolocation services vendor made this determination" by February 8. ECF No. 6. Plaintiff failed to do so. See Docket.

Accordingly, Plaintiff has failed to provide any evidentiary support to show that Defendant's IP address likely resolves to a physical address located in this District. For

these reasons, the instant Application fails.

## **CONCLUSION**

For the reasons set forth above, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's "Ex Parte Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference."

Dated: February 11, 2019

_____
Honorable Linda Lopez
United States Magistrate Judge