UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN DOE, subscriber assigned IP address 70.95.164.134,<br><br>　　　　　　　　　　Defendant. | Case No.: 19cv72-AJB-LL<br><br>**ORDER GRANTING RENEWED EX PARTE APPLICATION TO EXPEDITE DISCOVERY**<br><br>**[ECF No. 8]** |

Currently before the Court is Plaintiff's February 15, 2019 "Renewed Ex Parte Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference." ECF No. 8 ("Mot."). Because the Defendant has not been identified, no opposition or reply briefs have been filed. Having reviewed Plaintiff's renewed motion and all supporting documents, the Court **GRANTS** the motion for the reasons set forth below.

## BACKGROUND

Plaintiff alleges it "is the owner of original, award-winning adult motion pictures featured on its subscription-based websites." Mot. at 6. On January 10, 2019, Plaintiff filed a Complaint against Defendant John Doe, a subscriber assigned IP address 70.95.164.134, alleging copyright infringement. ECF No. 1 ("Compl.") at 1-2. Plaintiff alleges Defendant has infringed fifty-four of Plaintiff's movies using the BitTorrent protocol. Id. at 4.

1

Plaintiff alleges it "hired an investigator, IPP International U.G., to monitor and detect the infringement of Strike 3's content." Mot. at 6. Plaintiff further alleges: (1) "IPP discovered that Defendant's IP address was illegally distributing numerous motion pictures owned and copyrighted by Strike 3"; and (2) "Strike 3's independent forensic expert, Philip Pasquale reviewed the evidence captured by IPP" and confirmed "Defendant's IP address was involved in an infringing transaction at the exact date and time reported by IPP." Id.

Plaintiff argues "this IP address is assigned to Defendant by his or her Internet Service Provider ("ISP")" and that the ISP is the "only party that has the information necessary to identify Defendant by correlating the IP address with John Doe's identity[.]" Id. Plaintiff therefore seeks an order permitting it to serve a third-party subpoena, pursuant to Federal Rule of Civil Procedure 45, on Defendant's ISP Spectrum, requiring Spectrum to supply the name and address of its subscriber to Plaintiff. Id. at 7 ("This subpoena will only demand the true name and address of Defendant.").

## **LEGAL STANDARD**

A party may not seek discovery from any source before the Rule 26(f) conference unless that party first obtains a stipulation or court order permitting early discovery. Fed. R. Civ. P. 26(d)(1).

Generally, a "good cause" standard applies in determining whether to permit early discovery. See Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id. District courts in the Ninth Circuit apply a three-factor test for determining whether good cause exists to allow for expedited discovery to identify certain defendants. Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999). "First, the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court." Id. at 578. Second, the plaintiff must describe "all previous steps taken to locate the elusive defendant" to ensure that plaintiff has made a good faith effort to identify the defendant.

Id. at 579. Third, "plaintiff should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." Id.

## ANALYSIS

### I. Identification of Missing Party with Sufficient Specificity

Plaintiff has the burden to identify Defendant with sufficient specificity to establish Defendant is a real person or entity subject to the Court's jurisdiction. Columbia Ins. Co., 185 F.R.D. at 578.

Some District Courts in the Ninth Circuit have determined that "[a] plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin." 808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash E37917C8EEB4585E6421358FF32F29C D63C23C91, 2012 U.S. Dist. LEXIS 62980, at *10-11 (S.D. Cal. May 8, 2012) (citing OpenMind Sols., Inc. v. Does 1-39, 2011 U.S. Dist. LEXIS 116552, at *5-6 (N.D. Cal. Oct. 7, 2011); Pink Lotus Entm't, LLC v. Does 1-46, 2011 U.S. Dist. LEXIS 65614, at *6-7 (N.D. Cal. June 21, 2011)).

Other Courts have concluded that identifying the IP addresses on the day of the alleged infringement satisfies this factor. 808 Holdings, Ltd. Liab. Co., 2012 U.S. Dist. LEXIS 62980, at *10-11 (citing McGip, LLC v. Doe, 2011 U.S. Dist. LEXIS 85363, at *4-5 (N.D. Cal. Aug. 15, 2011); First Time Videos LLC v. Does, 2011 U.S. Dist. LEXIS 42376, at *5 (N.D. Cal. April 14, 2011)).

Here, Plaintiff has provided the Court with sufficient evidence to meet its burden of demonstrating that Defendant is likely a real person or entity. Plaintiff provides a declaration from Tobias Fieser, an employee of Plaintiff's investigator, IPP International U.G. Mot., Ex, B at ¶ 3-4. IPP provides "forensic investigation services to copyright owners." Id. In his declaration, Mr. Feiser states Plaintiff "hired IPP to monitor and record online infringement of its movies" and that "IPP's forensic software identifies Internet Protocol ("IP") addresses that are being used by infringers to distribute copyrighted works

within the BitTorrent File Distribution Network." Id. at ¶¶ 4-5.

Mr. Fieser states he reviewed IPP's "forensic activity records" and "determined that IPP's forensic servers connected to an electronic device using IP Address 70.95.164.134." Id. at ¶ 7. "Defendant's IP address of 70.95.164.134" was then "documented distributing to IPP's servers multiple pieces of Strike 3's copyrighted movies[.]" Id. Each piece was "recorded in a PCAP, which stands for 'packet capture' and is a forensically sound interface for recording network traffic.[.]" Id. at ¶ 8. The "time recorded" correlates to "assignment logs kept by the United States Internet Service Provides (ISPs) tracking which IP address is assigned to which customer at a given point in time." Id.

Mr. Fieser further attests that: (1) IPP's software "verified that reassembling the [Bittorrent] pieces using a specialized BitTorrent client results in a fully playable digital movie"; and that (2) "IPP's software determined that the files being distributed by Defendant's IP address have a unique identifier" based on the "Cyrptographic Hash Value." Id. at ¶¶ 9-10. Plaintiff notes that while the "BitTorrent protocol contains some default and automatic functions, none of these operations can take place without human interaction." Mot. at 12.

Plaintiff has also sufficiently shown that Defendant is likely subject to this Court's jurisdiction. Here, Plaintiff's Complaint includes a table purportedly showing that the user of IP address 70.95.164.134 engaged in infringing activity between March 2018 and November 2018. Compl., Ex. A. In his declaration, Plaintiff's forensic expert, Mr. Pasquale, also stated he confirmed Defendant's IP address was involved in an allegedly infringing transaction on November 8, 2018. Mot., Ex. C at ¶¶ 3, 9.

Plaintiff further asserts it employed Maxmind, a geolocation technology, "to trace Defendant's IP address to a geographic area within this Court's personal jurisdiction." Mot. at 12. Plaintiff notes this Court "has accepted Maxmind's findings for the purpose of allowing expedited discovery" and that "federal law enforcement relies on Maxmind for its cyber investigations." Id. at 13.

Unlike in Plaintiff's original motion, Plaintiff's renewed motion also includes a

declaration from its in-house counsel, Emilie Kennedy. Mot., Ex. E at ¶ 3. Ms. Kennedy testifies that on August 28, 2018, she input Defendant's IP address into Maxmind's Geolocation Database and determined Defendant's IP address traced to a location in San Diego. Id. at ¶ 4. Ms. Kennedy attests she did this again prior to Plaintiff filing its Complaint, and then again prior to preparing her declaration, and that "[a]s of February 14, 2019, Maxmind's Geolocation Database reports that the IP address 70.95.164.134 continues to trace to San Diego." Id. at ¶¶ 5-6.

Finally, Plaintiff provided factual support to show Defendant's IP address belongs to Spectrum. Specifically, Plaintiff includes a declaration from Susan B. Stalzer, one of Plaintiff's employees, who states she used the "American Registraty for Internet Numbers ("ARIN") to confirm Spectrum owned Defendant's IP address at the time of the alleged infringement, and hence has the relevant information to identify Doe Defendant." Mot., Ex. D at ¶¶ 3, 11.

For these reasons, the Court finds Plaintiff has sufficiently met its evidentiary burden. See Strike 3 Holdings, LLC v. Doe, 2018 U.S. Dist. LEXIS 110461, at *8-9 (S.D. Cal. July 2, 2018); Strike 3 Holdings, LLC v. Doe, 2018 U.S. Dist. LEXIS 47715, at *9-10 (S.D. Cal. Mar. 22, 2018).

## II. Previous Attempts to Locate Doe Defendant

To obtain leave to take early discovery, Plaintiff must also describe all previous attempts it made to identify the Defendant to locate and serve process.

Here, Plaintiff states it: (1) "diligently attempted to correlate Defendant's IP address to Defendant by searching for Defendant's IP address on various web search tools"; (2) "conducted its own diligent research on its ability to identify Defendant by other means" including by reviewing "legislative reports, agency websites, informational technology guides, governing case law, etc." and (3) further "discussed the issue at length with computer investigators and cyber security consultants." Mot. at 14.

Despite these efforts, Plaintiff represents it "has been unable to identify any other way" to obtain Defendant's identity except via a subpoena, because Defendant's ISP is the

"only party that has the information necessary to identify Defendant[.]" Id. at 6, 14. As further support, Plaintiff's forensic expert, Mr. Pasquale, testified that based on his "experience in similar cases[,]" Defendant's ISP "is the only entity that can correlate the IP address to its subscriber[.]" Mot., Ex. C at ¶ 10.

For these reasons, the Court finds Plaintiff appears to have made a good faith effort to locate Defendant.

### III. **Whether Plaintiff Can Withstand a Motion to Dismiss**

Plaintiff must finally show that its suit could withstand a motion to dismiss. Under Federal Rule of Civil Procedure 12(b), a case can be dismissed for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), 12(b)(6).

Plaintiff's Complaint alleges an action for direct copyright infringement. See Compl. at Count I. As applied herein, the Complaint correctly alleges subject matter jurisdiction pursuant to Title 28, United Code, Sections 1331 (federal question) and 1338 (copyrights). Id. at ¶ 7. In order to state a viable claim for copyright infringement, Plaintiff must establish: "(1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004) (citations omitted). Here, Plaintiff alleges that between March 2018 and November 2018, Defendant infringed its copyrighted works by using the BitTorrent file distribution network to "illegally download and distribute Plaintiff's copyrighted motion pictures" and that "[a]t no point in time did Plaintiff authorize, permit or consent" to Defendant's actions. See Compl. at ¶¶ 18-40, Ex. A.

Plaintiff has provided evidence it is the exclusive rights holder of the copyrighted works at issue. See Compl., Ex. A; Mot., Ex. A at ¶ 3, Ex. D at ¶¶ 7-10. Plaintiff also provided evidence that: (1) Defendant's IP address was documented allegedly distributing multiple pieces of Plaintiff's copyrighted movies; (2) that these pieces, when assembled, constitute a "fully playable digital movie"; and (3) that each of these digital files corresponds to one of Plaintiff's motion pictures. See Mot., Ex. B at ¶¶ 7-9, Ex. D at ¶¶ 7-

10. For these reasons, Plaintiff has sufficiently alleged the prima facie elements of direct copyright infringement and could likely withstand a motion to dismiss for failure to state a claim. See Strike 3 Holdings, LLC, 2018 U.S. Dist. LEXIS 110461, at *11.

Under Federal Rule of Civil Procedure 12(b), a case can also be dismissed for lack of personal jurisdiction or for improper venue. Fed. R. Civ. P. 12(b)(2) and 12(b)(3). To avoid a defendant's motion to dismiss under Federal Rule 12(b)(2) for lack of personal jurisdiction, a plaintiff need only make a *prima facie* showing of jurisdiction by presenting facts that, if true, would support a finding of personal jurisdiction over the defendant. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). In copyright infringement actions, venue is proper "in the district in which the defendant . . . resides or may be found." 28 U.S.C. § 1400(a).

Here, Plaintiff alleges this Court has jurisdiction over Defendant because the alleged acts of infringement were traced to an IP address located in this District. Compl. at ¶ 8. Plaintiff alleges venue is proper in this District because the alleged acts of infringement occurred in this District and the Defendant resides or may be found here. Id. at ¶ 11. Specifically, Plaintiff alleges it used geolocation technology to determine that Defendant's IP address traced to a physical address within the Southern District of California. See Mot, Ex. D at ¶¶ 4-6. Based on the above, Plaintiff has alleged facts that are likely to withstand a motion to dismiss for lack of personal jurisdiction or improper venue.

Finally, the Court must consider the requirements of the Cable Privacy Act, 47 U.S.C. § 551. The Act generally prohibits cable operators from disclosing personally identifiable information regarding subscribers without the prior written or electronic consent of the subscriber. 47 U.S.C. § 551(c)(1). A cable operator, however, may disclose such information if the disclosure is made pursuant to a court order, and the cable operator provides the subscriber with notice of the order. 47 U.S.C. § 551(c)(2)(B). Therefore, the information Plaintiff seeks falls within an exception to the prohibition on disclosure within the Act.

# CONCLUSION

Having found good cause, the Court **GRANTS** Plaintiff's Renewed Motion for Expedited Discovery. For the foregoing reasons, it is hereby ordered that:

1. Plaintiff may serve a subpoena pursuant to Federal Rule of Civil Procedure 45, on Spectrum, that seeks only the true name and address of the subscriber assigned IP address 70.95.164.134. Plaintiff shall not subpoena additional information;

2. Plaintiff may only use the disclosed information for the purpose of protecting its rights in pursuing this litigation;

3. Within **fourteen (14) calendar days** after service of the subpoena, Spectrum shall notify the subscriber that his or her identity has been subpoenaed by Plaintiff. The subscriber whose identity has been subpoenaed shall have **thirty (30) calendar days** from the date of such notice to file a protective order or challenge the disclosure by filing an appropriate pleading with this Court contesting the subpoena;

4. If Spectrum wishes to move to quash the subpoena, it shall do so before the return date of the subpoena. The return date of the subpoena must allow for at least **forty-five (45) days** from service to production. If a motion to quash or other customer challenge is brought, Spectrum shall preserve the information sought by Plaintiff in the subpoena pending resolution of such motion or challenge; and

5. Plaintiff shall serve a copy of this Order with any subpoena obtained and served pursuant to this Order to Spectrum. Spectrum, in turn, must provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order.

**IT IS SO ORDERED**.

Dated: February 20, 2019

Honorable Linda Lopez
United States Magistrate Judge

8